UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RICHARD K. CAVALUZZI, ) | Case No. 05-60826-705 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| MARY ANN WEEMS, ) | **Adversary No. 06-4037-659** |
| ) | |
| ) | |
| Plaintiff, ) | PUBLISHED |
| ) | |
| -v- ) | |
| ) | |
| RICHARD K. CAVALUZZI, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff's Complaint to Determine Dischargeability of Debt under 11 U.S.C. Sections 523(a)(5) and 523(a)(15) and Defendant's Answer to Complaint and Counterclaim.  A hearing in this matter was held on August 15, 2006, where Plaintiff appeared in person and by counsel and Defendant appeared in person.  Upon a consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Defendant Richard K. Cavaluzzi ("Defendant") and Tammy Jo Cavaluzzi ("Ms. Cavaluzzi") dissolved their marriage on November 5, 2002, by order of the St. Louis County Family Court in St. Louis County, Missouri.  A Modification Judgment and Declaratory Judgment (the "Child Support Order") were entered against Defendant on February 17, 2004, for failure to pay child support and arrearages.  Defendant appealed the Child Support Order to the Missouri Court of Appeals in St. Louis County, Missouri.  The Missouri Court of Appeals issued an order affirming the Child Support Order on March 15, 2005.

The issues raised in the Saint Louis County Family Court, and on appeal in the Missouri

Court of Appeals, concerned the Defendant's obligation to pay child support to Ms. Cavaluzzi for their three children, and the issue of back child support owed by Defendant. Each court found that Defendant had a duty to pay child support and owed back child support to Ms. Cavaluzzi in the sum of $26,000.00.

Plaintiff Mary Ann Weems ("Plaintiff") is an attorney licensed to practice law in the State of Missouri who represented Ms. Cavaluzzi in the above trial and appellate proceedings. On February 11, 2005, Plaintiff filed a motion for her attorney's fees on appeal in the Saint Louis County Family Court against Defendant in the sum of $7,500.00. The attorney's fees incurred by Plaintiff on behalf of Ms. Cavaluzzi resulted from defending and litigating the modification proceeding and appeal both initiated by Defendant. These fees were necessary to defend Ms. Cavaluzzi's right to receive child support and to collect back child support from Defendant. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 15, 2005, so Plaintiff's proceeding against Defendant were stayed.

Plaintiff argues that her attorney's fees are in the nature of support and are nondischargeable. Defendant argues that Plaintiff fails to state a claim under Section 523(a)(5) since Plaintiff's claim for attorney's fees is not based upon a court order. Defendant further argues that he is unable to pay the attorney's fees and discharging the attorney's fees would result in a benefit to the Defendant that outweighs the detriment to Ms. Cavaluzzi. Furthermore, Plaintiff's attorney's fees are unreasonable, and Ms. Cavaluzzi began garnishing Defendant's wages such that he is unable to make any payments to Plaintiff. The Court considers each argument and reaches a decision below.

## **JURISDICTION**

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2005) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2005). Venue is proper in

this District under 28 U.S.C. § 1409(a) (2005).

## CONCLUSIONS OF LAW

Under Section 523(a)(5)(B), a discharge under Chapter 7 does not discharge a debtor from any debt:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record…but not to the extent that –
>
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support…"

11 U.S.C. § 523(a)(5)(B) (2005). Initially, Plaintiff must prove nondischargeability of her attorney's fees by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 290, 111 S. Ct. 654, 661, 112 L. Ed. 2d 755, 767 (1991). Attorney's fees incurred by a former spouse to assist her in enforcing a child support order are in the nature of maintenance. *Shea v. Shea (In re Shea)*, 221 B.R. 491, 448 (Bankr. D. Minn. 1998); *see also Macy v. Macy (In re Macy)*, 114 F.3d 1, 3 (1st Cir. 1997) (attorney's fees generated by a former spouse enforcing a support order are nondischargeable). Attorney fees that are in "the nature of maintenance or support…of the child of the debtor" are nondischargeable even if payable directly to the attorney. *Kline v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir. 1995).

Here, Plaintiff demonstrated by a preponderance of the evidence that the attorney's fees were incurred by Ms. Cavaluzzi in defending her rights under the Child Support Order. The attorney's fees are in the nature of maintenance since they were necessary to enforce child support arrearages. Furthermore, the attorney's fees were reasonable given Plaintiff's services during the modification proceeding and subsequent appeal filed by Defendant. Therefore, Plaintiff's attorney's fees are in the nature of maintenance and are nondischargeable under Section 523(a)(5)(B).

Defendant argues that Plaintiff fails to state a claim under Section 532(a)(5) since Plaintiff's

-3-

attorney's fees were not established by a court order. The Court disagrees with Defendant's interpretation of Section 523(a)(5) since Plaintiff's attorney's fees are merely required to be "in connection with" a court order under the language of Section 523(a)(5)(B). Plaintiff's attorney's fees are squarely "in connection with" the Child Support Order and subsequent appeal both initiated by Defendant. "There is a strong policy interest in protecting ex-spouses and children from the loss of alimony, support and maintenance owed by a debtor who has filed for bankruptcy." *See In re Macy*, 114 F.3d at 3. The reasoning behind this policy is sound – if a former spouse must pay an attorney to defend a support order, she has less funds to support herself and children.

The Court declines to make an inquiry under Section 523(a)(15) after finding that Plaintiff's attorney's fees are nondischargeable under Section 523(a)(5)(B).

By separate order, judgment will be entered in favor Plaintiff.

*[signature: Kathy A. Surratt-States]*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: March 19, 2007
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Mary Ann Weems
7751 Carondelet Avenue - Suite 505
Clayton, MO 63105

Kimber H. Baro
Bublitz & Baro, LLC
1113 Howdershell Road
Florissant, MO 63031

Richard K Cavaluzzi
9236 Southview Ln
St. Louis, Mo 63123